UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22305-CIV-JAL

NOEL NUNEZ TORRES, and all others )
similarly situated under 29 U.S.C. 216(b), )
               )
    Plaintiff, )
 vs. )
               )
COAST TO COAST GENERAL )
CONTRACTORS, INC., )
YANIEVE LEVI, )
               )
    Defendants. )
_____ )

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT
AGREEMENT AND STIPULATED DISMISSAL WITH PREJUDICE
AS TO PLAINTIFF NOEL NUNEZ TORRES
AND ALSO AS TO JAVIER PAEZ LEAL
AND TO RE-OPEN MATTER AS TO JAVIER PAEZ LEAL TO
FULLY DISMISS BOTH CLAIMS**

  Plaintiff Noel Nunez Torres and former Plaintiff Javier Paez Leal, and Defendants, by and through undersigned counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, and Stipulated Dismissal with Prejudice and respectfully state as follows. Javier Paez Leal was a Plaintiff in this matter, but dismissed voluntarily *without prejudice* and the Court entered an Order accordingly. However, Javier Paez Leal is also subject to this Motion as he is executing the settlement agreement also, and therefore his claim should now be dismissed *with prejudice*. This Motion therefore includes both Plaintiff Noel Nunez Torres, and also former Plaintiff Javier Paez Leal who previously filed the said Notice of Voluntary Dismissal Without Prejudice, and the Court entered an Order regarding same [DE 17].

To the extent necessary, the Parties jointly request the Court to technically re-open this matter as to former Plaintiff Leal, so that he can be included in the settlement so that this matter can fully be resolved with prejudice, and to avoid any further litigation as to these claims.

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See Lynn's Food Stores, Inc*., 679 F.2d at 1350. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

In order to avoid continued costs and the uncertainty of litigation, the Parties have negotiated a settlement in this matter. Defendants neither admit liability, and Plaintiff Mr. Torres and Mr. Leal do not admit a lack of liability. As such, the Parties faced risks if litigation continued. Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a settlement amount listed in the attached settlement agreement.

The amount received by Plaintiff Mr. Torres and Mr. Leal as set forth in the attached settlement agreement is potentially more than they would have recovered had they gone to trial due to the uncertainty of litigation. The Parties stipulate that the Court should retain jurisdiction over enforcement of the settlement.

WHEREFORE, the Parties respectfully request that the Court enter an Order as to both Plaintiff Torres and former Plaintiff Leal (and reopen the matter as to Leal to include him in the dismissal with prejudice): (1) approving the terms of the settlement agreement; (2) dismissing

this action with prejudice pursuant to the parties stipulated settlement and dismissal; and (3) retaining jurisdiction over enforcement of the settlement.

DATED:__8/11/15_____

**J. H. ZIDELL, P.A.**
**ATTORNEYS FOR PLAINTIFF**

By:__s/_ K. David Kelly _____
K. David Kelly, Esq.

**NIESEN PRICE WORTHY CAMPO, PA**
**ATTORNEYS FOR DEFENDANTS**

By:_s/ Jeffrey L. Price _____
Jeffrey L. Price, Esq.


          **Respectfully submitted,**

          **K. DAVID KELLY, ESQ.**
          **J.H. ZIDELL, P.A.**
          **ATTORNEY FOR PLAINTIFF**
          **300 71ST STREET, #605**
          **MIAMI BEACH, FLA. 33141**
          **PH: 305-865-6766**
          **FAX: 305-865-7167**
          **EMAIL: DAVID.KELLY38@ROCKETMAIL.COM**
          **F.B.N. 0123870**
          **BY:__s/__K. David Kelly_____**
          **K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT FOLLOWING CM/ECF FILING VIA SAME ON __8/11/15___ TO:**

**ALL CM/ECF RECIPIENT**

**JEFFREY L. PRICE, ESQ.
NIESEN PRICE WORTHY CAMPO, PA
5216 SW 91ST DR
GAINESVILLE, FL 32608-3006**

**BY:__s/____K. David Kelly_____
K. DAVID KELLY, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22305-CIV-JAL

NOEL NUNEZ TORRES, and all others )
similarly situated under 29 U.S.C. 216(b), )
              )
     Plaintiff, )
 vs. )
              )
COAST TO COAST GENERAL )
CONTRACTORS, INC., )
YANIEVE LEVI, )
              )
     Defendants. )
              )
_____ )

### ORDER APPROVING SETTLEMENT AND ENTRY OF DISMISSAL WITH PREJUDICE AS TO PLAINTIFF NOEL NUNEZ TORRES AND ALSO AS TO JAVIER PAEZ LEAL

Having reviewed the Parties' Settlement Agreement, it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice, with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. And therefore, it is:

**ORDERED, ADJUDGED** and **DECREED** that the Settlement Agreement is hereby **APPROVED** by the court and this case is **DISMISSED WITH PREJUDICE** as to Plaintiff Noel Nunez Torres and also Javier Paez Leal with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. The Court re-opened this matter as to Plaintiff Leal to allow him to be included in the dismissal with prejudice.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this _____ day of _____ 201\_\_.

_____
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record