# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASE

COAST TO COAST GENERAL CONTRACTORS, INC., including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, and YANIEVE LEVI, including all his heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants"); and NOEL NUNEZ TORRES and JAVIER PAEZ LEAL including their heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiffs"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Confidential Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiffs' employment with, or the separation of his employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiffs resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiffs are all claims under:
    a) Title VII of the 1964 Civil Rights Act
    b) The Civil Rights Act of 1991
    c) The Age Discrimination in Employment Act
    d) The Older Workers Benefit Protection Act
    e) The Equal Pay Act
    f) The Fair Labor Standards Act ("FLSA")
    g) The Employee Retirement Income Security Act (ERISA)
    h) The Americans with Disabilities Act of 1990
    i) The Rehabilitation Act of 1973
    j) The Family and Medical Leave Act of 1993
    k) 42 U.S.C. §§ 1981, 1985(3), and 1986
    l) The Occupational Safety and Health Act
    m) Chapter 760, Florida Statutes
    n) The Florida Private Whistle-blower's Act of 1991
    o) Chapter 11A of the Miami-Dade County Code

2. This Release includes all claims which were, or could have been, asserted by Plaintiffs NOEL NUNEZ TORRES and JAVIER PAEZ LEAL in the lawsuit styled TORRES v. COAST TO COAST GENERAL CONTRACTORS, INC. et al., Case Number 15-22305-CIV-JAL currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation"). JAVIER PAEZ LEAL dismissed this

matter previously, but such was without prejudice. This Agreement operates to dismiss both claims of NOEL NUNEZ TORRES and JAVIER PAEZ LEAL with prejudice.

**Consideration**. In consideration of the promises of Plaintiffs as set forth herein, the Defendants agree to settle this matter in the total amount of Nineteen Thousand Dollars and No Cents ($19,000.00). This total settlement shall be paid to office of Plaintiffs' counsel in a (2) separate cashier's checks each payable to Client Trust Account of J.H. Zidell, P.A. in (2) equal installments as follows. The first payment is due (10) days after full execution of this Agreement, and the second payment (20) days thereafter. And, the Parties agree to sign this Agreement no later than 8/10/15.

Of the settlement proceeds, Plaintiff Torres shall receive a total of ($6,224.40), and Plaintiff Leal shall receive a total of ($4,695.60). Plaintiff's Counsel shall receive a total of ($8,080.00) as payment for fees and costs incurred in this case [$480.00 of that total to Plaintiffs' Counsel represents costs].

3. **Non-Admission Clause.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiffs or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

4. **Non Disparaging Remarks**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiffs, the parties agree that Defendants will only provide a neutral reference regarding dates of employment, and/or positions held, and/or rates of pay.

5. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

    a) **Dismissal of Lawsuit**. The parties agree to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by Plaintiffs in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

6. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

7. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be

binding unless reduced to writing and signed by an authorized representative of each party.

8. **Voluntariness.** Plaintiffs certify that Plaintiffs have fully read, negotiated, and completely understand the provisions of this Agreement, that Plaintiffs have been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiffs are signing freely and voluntarily, and without duress, coercion, or undue influence.

9. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

10. **Mutual Confidentiality:** By receipt of the Settlement Amount set forth above, the Plaintiffs expressly agree that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendants or any other persons, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) Plaintiffs' counsel; (4) Plaintiffs' Accountant; (5) for reporting to Taxing authorities; (6) Plaintiffs' spouses; (7) or when otherwise required by law. As to the terms of this agreement, Plaintiffs may only state that the dispute has been "resolved." Defendants also agree to maintain such confidentiality. The prevailing party to a suit for any breach of this Settlement Agreement is entitled to all attorneys' fees and costs, jointly and severally, from the nonprevailing party and in the case of breach by the Plaintiffs, return of all of the funds paid to them in this release (however attorneys' fees paid to Plaintiffs' counsel under this Agreement would not be required to be returned). Moreover, if it is determined that Plaintiffs did not breach this provision and Plaintiffs prevail, Defendants shall have to pay a penalty to the Plaintiffs in an amount equal to the funds Plaintiff would have otherwise had to return if they had breached.

11. **Default**: Should Defendants fail to make payment of the settlement funds pursuant to this Settlement Agreement or should any check be returned for non-sufficient funds or any other reason, Plaintiffs' counsel shall give written notice via email to Defense Counsel. In the event Defendants fail to cure said breach within (3) business days, Plaintiffs shall be entitled to a default final judgment against all Defendants, jointly and severally, for the full amount of this settlement plus an additional penalty of ($7,500), less any payments already paid. Plaintiffs' attorneys shall be entitled to any fees and costs incurred in enforcing said settlement agreement.

By:_____   COAST TO COAST GENERAL
   NOEL NUNEZ TORRES                CONTRACTORS, INC.
   Date: _____

                                                               By: *Yanieve Levi*

By:_____   Name: _____
   JAVIER PAEZ LEAL                 Title: _____President_____
   Date: _____             Date: _____8/10/15_____

                                                               By:_____
                                                                 YANIEVE LEVI
                                                                  Date: _____